UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lawrence A. Azure,<br><br>    Plaintiff,<br><br>v.<br><br>Candace Kay Stordahl, Troy Peter Cymbaluk, Hannah LNU, Andrew Larson, and Polk County Sheriff[']s Office,<br><br>    Defendants. | Case No. 21-cv-1389 (NEB/ECW)<br><br>**REPORT AND RECOMMENDATION** |

  This matter is before the Court on Defendants' Motion to Dismiss (Dkt. 40) and Defendants' Motion to Compel (Dkt. 62). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss be granted and Defendants' Motion to Compel be denied as moot.

  **I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

  This case was transferred from the United States District Court for the District of North Dakota ("USDC-DND") on June 14, 2021. (*See* Dkts. 14, 15.) Pro Se Plaintiff Lawrence A. Azure ("Plaintiff" or "Azure") used a USDC-DND standard fill-in-the-blank template for 42 U.S.C § 1983 actions when initiating this case against Defendants Candace Kay Stordahl, Troy Peter Cymbaluk, "Hannah LNU", Andrew Larson, and

"Polk County Sheriff[']s" Office (collectively, "Defendants"). (*See* Dkt. 3 at 3-5.)[1] In the "Statement of Claim" section of the Complaint, Plaintiff alleged that Defendant Stordahl physically assaulted him on November 2, 2020; Defendant Cymbaluk broke his knuckle while placing him in handcuffs which resulted in a swollen wrist; and that Defendant Hannah kicked him while he was lying on the floor. (*Id.* at 6-7, 9-12; *see also* Dkt. 7 at 6-7, 9-12; Dkt. 7-1 at 1-3.) In the "Relief" section, Plaintiff requests the following:

> [G]ive me an attorney to supoena [sic] the video of Candace Kay Stordahl hitting me, also the pictures that were taken of my head. Pictures of my hands by the Polk County Sherriff's Office, and the video of [Corrections Officer] Hannah kicking me.

(Dkt. 3 at 8; Dkt. 7 at 8.)

Prior to the case being transferred, on April 23, 2021, Plaintiff filed a motion to amend the Complaint (Dkt. 11), which, after the case was transferred, this Court denied without prejudice on June 17, 2021 due to Azure's failure to comply with the Local Rules (Dkt. 16 at 2-3). The Court did give Azure the opportunity to file another amendment motion within twenty-eight days from the date of the order.[2] (*Id.* at 2-3.) Rather than filing a motion to amend the Complaint, on July 6, 2021, Azure requested appointment of counsel. (Dkt. 17.) The Court denied that request without prejudice on August 20, 2021 because "neither the facts nor the legal issues involved in this case are so complex as to

---

[1]   All page number citations are to the CM/ECF pagination unless otherwise noted.

[2]   On October 26, 2021, the Court entered a Pretrial Scheduling Order that set the deadline for amended pleadings as December 20, 2021. (Dkt. 32 at 2.)

warrant appointment of counsel. Azure appears to have the threshold ability to articulate his claims and argue his positions, and his filings show that he can communicate effectively with the Court" ("August 20 Order"). (Dkt. 19 ¶ 8.) On September 24, 2021, Azure filed a notice of change of address indicating as his new address since September 15, 2021 as: "The Centre Inc. Located at 123 15th Street North Fargo, ND 58102" ("The Centre"). (Dkt. 29.)

On September 24, 2021, counsel for Defendants filed an appearance in this case. (Dkt. 26.) Defendants filed a Joint Answer on October 6, 2021. (Dkt. 31.) On October 27, 2021, Azure appealed the August 20 Order based solely on the denial of his request for appointment of counsel, and the Eighth Circuit dismissed the appeal for lack of jurisdiction on January 19, 2022. (Dkt. 34 at 1-2; Dkt. 52.)

Defendants filed the Motion to Dismiss on November 10, 2021 pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, asking the Court to:

1. Dismiss Plaintiff's Complaint, and all the claims stated therein against Defendants, in its entirety with prejudice and on the merits because Plaintiff fails to state a claim upon which relief can be granted;

2. Enter judgment accordingly; and

3. Award Defendants their reasonable costs and disbursements in their entirety and to be determined.

(Dkt. 40 at 1.)

In their supporting memorandum to the Motion to Dismiss, Defendants argue that while it appears Azure is alleging violations under § 1983, his sole demands for relief are for assignment of an attorney, a subpoena, and discovery, which Defendants argue do not

3

present cognizable § 1983 claims. (Dkt. 42 at 1, 3.) Defendants state "Tri-County[3] is familiar with the incidences alleged and does have materials relating to each incident, including the video referenced in the complaint," that the incidents were "grieved by Plaintiff, investigated, and handled as deemed fit under the circumstances," and that the "Minnesota Data Practices Act, Minn. Ch. 13, provides for a method and manner of demanding and obtaining data from a governmental entity in" Minnesota, not including through a § 1983 suit. (*Id.* at 2-4.) Defendants filed a Certificate of Service by Mail indicating the Motion to Dismiss and supporting papers were served by first class mail on Azure at The Centre on November 10, 2021. (Dkt. 45.)

The deadline for Azure to respond to the Motion to Dismiss was December 6, 2021. *See* D. Minn. LR 7.1(c)(2), Fed. R. Civ. P. 6(a)(d). Because Azure failed to respond to the Motion to Dismiss by the deadline, on December 22, 2021, Defendants filed a reply (also served on Azure at The Centre) wherein they argued Plaintiff's failure to oppose or respond to their motion justifies dismissal of this action; that Plaintiff's claim cannot survive the Motion to Dismiss; and that since filing the Motion to Dismiss, Defendants have served initial disclosures on Azure and treated "Plaintiff's demands in

---

[3] "Tri-County Community Corrections [Tri-County] is a joint powers entity (consisting of Polk, Norman, and Red Lake counties), which operates Northwest Regional Corrections Center in Crookston, MN, where Plaintiff was previously incarcerated." (Dkt. 42 at 2.)

[Dkt. 33]⁴ as a request for data pursuant to the Minnesota Government Data Practices Act and delivered a response on November 29, 2021." (Dkt. 47 at 1-3; Dkt. 47-1.)

On January 7, 2022, the Clerk's Office received Azure's request for an extension of time (sent from The Centre) to respond to the Motion to Dismiss. (Dkt. 48; Dkt. 48-1.) The Court granted Azure's request on January 20, 2022 and ordered him to file a response by February 25, 2022. (Dkt. 53 at 3.) Instead of filing a response, on February 28, 2022, the Clerk's Office received a letter from Azure (sent from The Centre) regarding "videos that [he] received, videos and photographs," which provided a URL link to the videos and photographs and stated that he was "having a hard time sending them into the courts" and was "recording these videos and photographs to a hard drive and getting them sent into the courts" ("the Letter"). (Dkt. 55 at 1; Dkt. 55-1.) On March 8, 2022, Defendants responded to the Letter, arguing that it did not respond to or oppose the Motion to Dismiss and asking that this case be dismissed with prejudice. (Dkt. 56 at 1-2.)

Because Azure had yet to provide any of the materials referenced in the Letter, on April 28, 2022, the Court ordered that "to the extent Plaintiff Lawrence A. Azure wishes to make any videos or photographs part of the record of this action, he must send a hard drive, USB drive, or other electronic media containing those videos and photographs to the Clerk's Office on or before May 12, 2022" ("April 28 Order"). (Dkt. 57 at 1-2.) The

---

⁴ Azure sought various discovery materials from Defendants, including two "November 2, 2020" video cameras, a video camera "from Intake Cell," pictures of his head taken on "the jails camera" on November 2, 2020, and pictures from the Polk County Sheriff's Office. (Dkt. 33 at 1-2.)

Court explained: "For reasons of electronic security, the Court is unable to access the URL link provided in Plaintiff's Letter." (*Id.* at 1.)

The Clerk's Office sent the April 28 Order to The Centre on May 10, 2022, but it was returned as undeliverable. The Clerk's Office then sent the April 28 Order to an address written on the back on the returned envelope, but it was again returned as undeliverable. On June 17, 2022, Azure filed a notice of change of address indicating a new address for him of Cass County Jail, 450 34th Street, Fargo, ND, 58106 ("Cass County Jail"), which also stated that he had "sent to the courts a copy of the link to the pictures and videos of Nov 2nd 2018 of the incidents." (Dkt. 58 at 1.) Azure attempted to renew his request for appointment of counsel in that letter and stated that he had received various discovery requests from Defendants. (*Id.*) He included a copy of Defendants' service letter with his notice of change of address. (Dkt. 59.)

By letter dated June 17, 2022, the Clerk's Office sent a letter to Azure at Cass County Jail stating that the Office had received his recent notice of change of address, that the Clerk's Office was unable to provide a ruling on the additional requests in the notice, and that Azure's:

> request must be directed to the judge(s) presiding over [his] case. This is generally done by filing a motion, rather than a letter. [His] letter ha[d] been entered on the docket, but [he] may not be entitled to a ruling on the request made in that letter unless [he] also file[s] a formal motion requesting the same relief.

(Dkt. 60 at 1.) A form motion was enclosed with the Clerk's Office's June 17, 2022 letter. (Dkt. 60-1 at 2-3.) Also on June 17, 2022, the Clerk's Office received an envelope

6

containing Defendants' discovery requests sent by Azure from Cass County Jail. (Dkts. 61, 61-5.)

On June 20, 2022, Defendants filed a Motion to Compel seeking:

> (1) an order on their pending motion to dismiss; alternatively, (2) barring the relief requested in (1), they seek an order to compel discovery against Plaintiff and that it further provide that if Plaintiff fails to comply with any order issued by the Court, that this matter will be subject to dismissal upon submission of a declaration of non-compliance by Defendants.

(Dkt. 62; Dkt. 64 at 1-6.)  As of the date of this Order, Plaintiff's deadline to respond to the Motion to Compel has not expired.  *See* D. Minn. LR 7.1(b)(2); Fed. R. Civ. P. 6(d).

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In considering a motion for judgment on the pleadings under Rule 12(c), the court views 'all facts pleaded by the nonmoving party as true and grants all reasonable inferences in favor of that party.'" *Yang v. City of Minneapolis*, Civil No. 21-2658 (ADM/ECW), 2022 WL 2160425, at *3 (D. Minn. June 15, 2022) (quoting *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008)) (cleaned up). "As the Eight Circuit held in *Westcott*, because motions to dismiss for failure to state a claim are subject to the same legal standard whether brought under Rule 12(b)(6) or Rule 12(c), the distinction is purely formal." *Radcliffe v. Securian Fin. Group, Inc.*, 906 F. Supp. 2d 874, 883 (D. Minn. 2012) (quoting *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1089 (D. Minn. 2008) (citing *Westcott v.*

7

*City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)) (cleaned up). "Judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Yang*, 2022 WL 2160425 at *3. (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). "[T]he court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1080 (8th Cir. 1999) (citations omitted).

When considering a motion to dismiss under Rule 12, the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, the complaint must allege "enough facts to state a claim to relief that is plausible on its face' [and] 'a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Yang*, 2022 WL 2160425 at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

B.  Analysis

1.  **Motion to Dismiss**

Plaintiff does not make any specific reference to § 1983 in the Complaint, but based on the allegations in the "Statement of Claim," because Plaintiff utilized the USDC-DND standard fill-in-the-blank template for 42 U.S.C § 1983 suits, and given its duty to interpret pro se filings liberally, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), the Court understands Azure to be seeking relief pursuant to 42 U.S.C. § 1983.

Defendants argue that "Plaintiff's sole demand for relief — assignment of an attorney, a subpoena, and discovery— does not present a cognizable claim or convey jurisdiction." (Dkt. 42 at 3.) As discussed above, while Plaintiff alleges facts that relate to force used against him while incarcerated (Dkt. 3 at 6-7), the relief he requests is:

> [G]ive me an attorney to supoena [sic] the video of Candace Kay Stordahl hitting me, also the pictures that were taken of my head. Pictures of my hands by the Polk County Sherriff's Office, and the video of [Corrections Officer] Hannah kicking me.

(Dkt. 3 at 8; Dkt. 7 at 8-12; Dkt. 7-1 at 1-3.)

However, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). There is no constitutional or statutory right to counsel in a § 1983 action. *See Glick v. Henderson*, 855 F.2d 536, 541 (8th Cir. 1988); *see also Watson v. Moss*, 619

9

F.2d 775, 776 (8th Cir. 1980) ("There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case."). Further, in the absence of a plausible legal claim, litigants have no right to discovery.[5] *First Com. Tr. Co. v. Colt's Mfg. Co.*, 77 F.3d 1081, 1083 n.4 (8th Cir. 1996) ("Litigants, of course, have no right to discovery in the absence of a plausible legal theory."). Thus, if Azure seeks only appointment of counsel and discovery, dismissal for failure to state a claim is appropriate.

However, the Complaint also describes conduct that, construed liberally, could constitute a Fourth Amendment excessive force claim pursuant to § 1983. (Dkt. 3 at 6-7 (alleging that Defendants hit Azure, broke his knuckle, and otherwise injured Azure).) Defendants did not address this potential excessive force claim, instead relying on the contents of the "Relief" section of the Complaint. Defendants did seek dismissal on the alternative ground of failure to prosecute in their Reply. (Dkt. 47 at 2-3.) Moreover, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

As discussed above, Azure's response to the Motion to Dismiss was due on December 6, 2021. *See* D. Minn. LR 7.1(c)(2); Fed. R. Civ. P. 6(a)(d). Azure did not file a response by that date. After Defendants filed a reply requesting dismissal based in part on Azure's failure to respond to the Motion to Dismiss (Dkt. 47), in January 2022, Azure

---

[5]   Moreover, based on the record, Defendants have provided the requested videos and photographs, rendering Azure's request for relief as to this discovery moot. (*See* Dkts. 56, 56-1, 56-2.)

10

sought an extension of time to file a response (Dkt. 48 at 1). The Court granted Azure's request on January 20, 2022, setting a deadline of February 25, 2022. (Dkt. 53 at 3). Azure did not file a response by February 25, 2022, and in fact, he has never filed a response to the Motion to Dismiss. Instead, on February 28, 2022, he filed the Letter regarding videos and photographs he intended to send to the Court on a hard drive and providing a URL link for those materials. (Dkt. 55.) Defendants responded by letter on March 8, 2022 stating that Azure's attempt to file the videos and photographs did not constitute a proper response to the Motion to Dismiss. (Dkt. 56.) The Court then issued an Order on April 28, 2022 requiring Azure to "send a hard drive, USB drive, or other electronic media containing those videos and photographs to the Clerk's Office on or before May 12, 2022," as security concerns precluded the Court from clicking on the link. (Dkt. 57 at 2.) Azure never did so.

In sum, over six months has passed since the initial deadline for Azure to file a response to the Motion to Dismiss, over four months have passed since the February 25, 2022 deadline for him to respond, almost four months have passed since Azure said he would send a hard drive to the Court, and six weeks have passed since the Court-ordered May 12, 2022 deadline for Azure to provide the videos and photographs on electronic media (even assuming those materials could constitute a proper response). Further, Defendants state that their attempts to meet-and-confer with Azure have been fruitless and he has not been in contact with them since February 28, 2022. (Dkt. 64 at 2 n.1; *see also* Dkt. 46 at 1; Dkt. 68 at 1.)

Under these circumstances, dismissal is warranted given Azure's failure to prosecute this action based on (at a minimum) his failure to substantively respond to the Motion to Dismiss and otherwise comply with the Court's Orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . . a dismissal under this subdivision . . . operates as an adjudication on the merits."); *see also Nleme v. Ford Motor Co.*, Civil No. 17-4133 (JRT/DTS), 2018 WL 2056226, at *2 (D. Minn. April 12, 2018) (recommending dismissal of the complaint for failure to prosecute given plaintiff's failure to substantively respond to a motion to dismiss and failure to engage with opposing counsel).

The next question is whether the dismissal should be with or without prejudice. "[W]hen a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate." *Sellors v. Obama*, Case No. 13-cv-2484 (SRN/JSM), 2014 WL 1607747, at *14 (D. Minn. April 15, 2014) (collecting cases). Thus, to the extent Plaintiff only seeks discovery materials and appointment of counsel as standalone claims under § 1983, the Court recommends dismissal with prejudice.[6] However, to the extent Plaintiff intended to assert an excessive force claim under the Fourth Amendment, and in view of Plaintiff's attempts to remain in contact with the Court, the Court recommends dismissal without

---

[6] Should Plaintiff bring a Fourth Amendment excessive force claim under § 1983 based on these allegations, this recommendation does not preclude him from seeking discovery he would otherwise be entitled to.

prejudice. *See Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) ("'Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint.'") (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)) (cleaned up).

### 2. Motion to Compel

The Court turn to the Motion to Compel. The Court recognizes that Azure's deadline to respond has not yet expired. However, in view of the Court's recommendation for dismissal, the Court also recommends denial of the Motion to Compel as moot.[7] *See Kiewel v. Hickok*, 2021 WL 4444953, at *4 (D. Minn. 2021) ("Given that this Court has recommended Plaintiff's action be dismissed in its entirety, [the] motion to compel is moot.").

### III. RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Defendants Candace Kay Stordahl, Troy Peter Cymbaluk, Hannah LNU, Andrew Larson, and Polk County Sheriff[']s Office's Motion to Dismiss (Dkt. 40) be **GRANTED**;

---

[7] The Court would normally issue an Order on a discovery motion such as the Motion to Compel, *see* D. Minn. LR 7.1(b)(4)(A)(iii), but because its decision as to the Motion to Compel is based on its recommendation for dismissal of this action, the Court issues a recommendation instead.

13

2. Defendants Candace Kay Stordahl, Troy Peter Cymbaluk, Hannah LNU, Andrew Larson, and Polk County Sheriff[']s Office's Motion to Compel (Dkt. 62) be **DENIED AS MOOT**.

3. This case be **DISMISSED WITH PREJUDICE** insofar as Plaintiff Lawrence A. Azure seeks appointment of counsel and discovery as standalone claims pursuant to 42 U.S.C. § 1983; and

4. This case be **DISMISSED WITHOUT PREJUDICE** insofar as Plaintiff Lawrence A. Azure seeks to assert a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983.

Dated: June 24, 2022                    *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).