## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LAWRENCE A. AZURE, | Case No. 21-CV-1389 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| CANDACE KAY STORDAHL, TROY PETER CYMBALUK, HANNAH LNU, ANDREW LARSON, and POLK COUNTY SHERRIFS OFFICE, | |
| Defendants. | |

Lawrence Azure filed a *pro se* 42 U.S.C. Section 1983 action against several officers at the Polk County Sherriff's Office, the Office itself, and the executive director of Tri-County Community Corrections. He alleged that the officers physically assaulted him. As relief, Azure requested only the appointment of counsel and video and photo evidence of the alleged assault. Defendants move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a plausible claim for relief. (ECF No. 40 at 1.) In the alternative, they move to compel discovery. (ECF No. 62 at 1.)

In a Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommends that this Court grant the Rule 12(c) motion and deny the motion to compel as moot. (ECF No. 69 ("R&R") at 13–14.) Azure objects. (ECF No. 73

("Obj.") at 1–2.) After a *de novo* review, the Court overrules Azure's objection and accepts the R&R. Separately, Azure moves for extension of time, to appoint counsel, and to compel discovery.[1] (ECF No. 72 at 1–2; ECF No. 76 at 1.) The Court denies the motions.

## BACKGROUND

The R&R details the factual and procedural history of this case, which are undisputed. (R&R at 1–7; Obj. at 1–2.) The Court incorporates the R&R's summary and repeats only the facts necessary for context.

Azure filed this Section 1983 action using a fill-in-the-blank complaint. (ECF No. 7.) He asserts that several officers at the Polk County Sherriff's Office physically assaulted him while he was incarcerated. (*Id.* at 6–7, 9–12.) First, as alleged, Candace Stordahl slapped the left side of Azure's head while he was getting dinner, causing him to develop a neurological motor tic, difficulty breathing, and blurred vision. (*Id.* at 6–7, 9, 11.) Second, when Azure asked for medical attention, Troy Cymbaluk broke Azure's knuckle by "jerk[ing]" his hand as Cymbaluk handcuffed him to take him to see a doctor. (*Id.* at 6, 11.) Third, as Azure laid down on the floor waiting to visit the doctor, an officer named "Hannah" kicked him. (*Id.* at 7, 12.)

In the form complaint's "Relief" section, Azure seeks "an attorney to su[b]poena" evidence of the assaults as well as several "pictures" and "video[s]." (*Id.* at 8.) Defendants

---

[1] Azure does not label his latest motion, but he asks for the Court's assistance "in getting witness statements" from Defendants. (ECF No. 76 at 1.) The Court construes his request as a motion to compel discovery.

answered the complaint, (ECF No. 31 at 1), and Judge Wright issued a scheduling order with a discovery timeline. (ECF No. 32 at 2–4.) Defendants filed a Rule 12(c) motion for judgment on the pleadings.[2] (ECF No. 40 at 1.) They argued that Azure failed to plead a cognizable claim under Section 1983 because he sought only appointment of counsel and access to discovery as his remedies. (ECF No. 42 at 3–4.) Defendants served the motion on Azure by first class mail at the address he provided to the Court. (ECF Nos. 29, 45.)

For the past nine months, Azure has neglected to respond to Defendants' Rule 12(c) motion. His original response was due December 6, 2021. (ECF No. 53 at 1.) When he missed that deadline, Defendants replied, arguing that Azure's failure to respond requires dismissal. (ECF No. 47 at 2–4.) Judge Wright granted Azure an extension to February 25, 2022. (ECF No. 53 at 3.) Come late February, however, Azure again failed to respond. Instead, he mailed a letter to the Court with a URL link to videos and photographs of the alleged assault. (ECF No. 55.)

Defendants argued that the letter did not respond to their motion. (ECF No. 56 at 2.) Judge Wright ordered Azure to "send a hard drive, USB drive, or other electronic media" (instead of the link) by May 12, 2022. (ECF No. 57 at 2.) The Clerk's Office mailed him the order twice, but each time the order was returned as undeliverable. (*See* Docket.)

---

[2] Defendants labeled their filing as a motion to dismiss but cited Rule 12(c), not 12(b)(6). (ECF No. 40 at 1.) Defendants' memorandum in support of the motion is labeled as a motion for judgment on the pleadings. (ECF No. 42 at 1.) Because the motion is filed under Rule 12(c), the Court refers to it as one for judgment on the pleadings.

3

A month after the May 12 deadline, Azure sent a letter to the Clerk's Office to change his address. (ECF No. 58.) He also requested an attorney to handle several discovery requests that Defendants had sent him. (*Id.*) The Clerk's Office told Azure that he needed to file his request for counsel with the Court. (ECF No. 60.)

The R&R recommends that the Court grant Defendants' Rule 12(c) motion and dismiss the motion to compel as moot. (R&R at 13–14.) It reasons that to the extent Azure seeks to obtain counsel and discovery as standalone claims, his claim should be dismissed with prejudice because he fails to state a plausible claim for relief. (*Id.* at 9–10, 12.) To the extent that Azure alleges a Fourth Amendment excessive-force violation, however, the R&R recommends dismissal without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 10–13.) Azure objects generally, without addressing the deficiencies identified in the R&R. (Obj. at 1–2.) He argues only that Defendants have been contacting him at the wrong address and not responding to his phone calls.[3] (*Id.* at 1.) Separately, Azure also moves to appoint counsel and for another extension of time. (ECF No. 72.)

---

[3] Azure also asks the Court to put this case "on [h]old" until he gets access to his medical records and receives medical attention on his knuckle. (Obj. at 2.) The Court construes his request as a motion for a continuance, which requires "good cause." D. Minn. LR 6.1(a). Because Azure has neglected to respond to Defendants' Rule 12(c) motion for nine months, the Court cannot find good cause, and his request for a continuance is denied.

4

## ANALYSIS

The Court must resolve four motions: (1) Defendants' Rule 12(c) motion for judgment on the pleadings, which the R&R recommends granting; (2) Defendants' motion in the alternative to compel discovery, which the R&R recommends denying as moot; and Azure's latest motions (3) for extension of time and to appoint counsel and (4) to compel discovery.

### I. Defendants' Rule 12(c) Motion for Judgment on the Pleadings

The Court reviews the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). When the party objecting to the R&R is *pro se*, the Court construes those objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

A defense of failure to state a claim upon which relief may be granted "may be advanced in a motion for judgment on the pleadings under Rule 12(c)." *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court reviews such a Rule 12(c) motion under the Rule 12(b)(6) standard for a motion to dismiss. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). The Court "must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his [or her] favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

Under Rule 41(b), a defendant may move to dismiss an action if the plaintiff fails to prosecute. Fed. R. Civ. P. 41(b). And it is within the Court's discretion to dismiss an action with prejudice for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962) (holding that federal courts have an "inherent power" to "dismiss sua sponte for lack of prosecution" beyond Rule 41(b)). Dismissal may be with or without prejudice. *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Dismissal with prejudice is an "extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Id.*

Azure did not state a plausible claim for relief, although it is a close call. Construing the complaint liberally, Azure presses a Fourth Amendment excessive-force claim that may be cognizable. He alleges that Stordahl slapped him, causing him to develop a neurological motor tic, difficulty breathing, and blurred vision. He contends that Cymbaluk forcefully put him in handcuffs, breaking his knuckle. And he asserts that "Hannah" kicked him as he was on the floor asking for help.

While the claim may pass muster, Azure's requested relief—appointment of counsel and access to discovery, not damages—does not. Section 1983 "is not itself a source of substantive rights." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Rather, it provides a cause of action to "vindicat[e] federal rights elsewhere conferred by. . . the Constitution and federal statutes." *Id.* Azure may of course sue under Section 1983 to recover damages from a Fourth Amendment violation. *See, e.g., Graham v. Connor*, 490

6

U.S. 386, 393–95 (1989). But "[t]here is no constitutional or statutory right . . . to have counsel" in a civil action. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980). And without a "plausible legal theory," plaintiffs have "no right to discovery." *First Com. Tr. Co. v. Colt's Mfg.*, 77 F.3d 1081, 1083 n.4 (8th Cir. 1996). Thus, by requesting only counsel and discovery, not damages, Azure fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

Separately, even if Azure states a plausible claim to relief, Azure failed to prosecute under Rule 41(b), which warrants dismissal. Azure's response to Defendants' motion for judgment on the pleadings was due December 6, 2021. He missed that deadline. Judge Wright granted him an extension to February 25, 2022. Azure missed that deadline, too. Rather than filing a response, he submitted a letter with a link to videos and photographs of the alleged assault. Judge Wright ordered him to send an electronic hard copy of the evidence by May 12. Once more, Azure missed the deadline.

Azure's objections to the R&R are unavailing. He explains that Defendants were contacting him at the wrong address and not responding to his phone calls. Yet Defendants served their motion on Azure by first class mail at the address Azure filed with the Court. Azure admitted that he has received discovery requests from Defendants. And despite receiving—and objecting to—the R&R, Azure has never responded to Defendants' Rule 12(c) motion. Thus, the Court accepts the R&R's recommendation to dismiss Azure's claim for failure to prosecute.

The remaining question is whether to dismiss Azure's claim with or without prejudice. The R&R's recommendation turns on whether Azure's claim is plausible. To the extent that Azure brings a cognizable Fourth Amendment excessive-force claim for damages, it recommends dismissal *without* prejudice. (R&R at 12–13.) But to the extent that Azure's claims themselves are to obtain counsel and discovery, the R&R recommends dismissal *with* prejudice because the complaint "is so deficient . . . that its defects cannot be cured through re-pleading." (*Id.* at 12 (citation omitted).) The Court agrees. Dismissal with prejudice is an "extreme sanction," so to the extent that Azure brings a Fourth Amendment claim for damages, it is not warranted. *Hunt*, 203 F.3d at 527. But dismissal with prejudice is appropriate if Azure insists on bringing only standalone claims to obtain counsel or discovery, as those actions are not cognizable and therefore incurable. *See Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012) (holding that the district court properly denied leave to amend because the amended complaint would not cure the plaintiffs' problem with pleading damages).

## II. Defendants' Motion to Compel

In a separate motion, Defendants seek to compel discovery. (ECF No. 62.) Because the Court dismisses Azure's claim, the motion to compel is moot and therefore denied.

### III. Azure's Motion for Extension of Time and to Appoint Counsel

After the R&R's issuance, Azure filed an additional motion for extension of time and to appoint counsel. (ECF No. 72.) For the reasons stated above, the Court denies the motion.

### IV. Azure's Motion to Compel

Azure also filed a motion to compel after the R&R's issuance. (ECF No. 76.) Because the Court dismisses Azure's claim, his motion is moot and therefore denied.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Azure's Objection (ECF No. 73) is OVERRULED;

2. The Report and Recommendation (ECF No. 69) is ACCEPTED;

3. Defendants' Motion for Judgment on the Pleadings (ECF No. 40) is GRANTED;

4. The action is DISMISSED WITHOUT PREJUDICE to the extent that Azure brings a Fourth Amendment excessive-force claim for damages but WITH PREJUDICE to the extent that he brings standalone claims for the appointment of counsel and access to discovery;

5. Defendants' Motion to Compel (ECF No. 62) is DENIED AS MOOT;

6.   Azure's Motion for Extension of Time and to Appoint Counsel (ECF No. 72) is DENIED;

7.   Azure's Motion to Compel (ECF No. 76) is DENIED AS MOOT; and

8.   Azure's Motion for a Continuance is DENIED (ECF No. 73).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 24, 2022                    BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge